UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMBER WULF,

                              Plaintiff,

v.                                                      Civil Action No. _____

R & L CAPITAL, LLC,

                              Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Amber Wulf, is a natural person residing in the County of Cattaraugus and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, R & L Capital, LLC, is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff incurred a debt to David Bridal. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by David Bridal to collect on the subject debt.

13. The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. In or about August, 2012, Defendant began calling Plaintiff in an attempt to collect on the subject debt.

15. That in or about August of 2012 Defendant called Plaintiff's house and spoke with Plaintiff's mother. That Defendant did not identify who they were talking to and stated they were calling about papers they sent to Plaintiff and mentioned a hearing that is scheduled. At no time did Defendant give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt.

16. That the same day Plaintiff called Defendant back to see who they were and why they were calling. Defendant stated they were calling from Rossi and Lombardi and said they were trying to serve Plaintiff with papers and wanted to make an appointment to have her served. Again, Defendant did not identify who they were talking to. At no time did Defendant give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt.

17. Defendant contacted Plaintiff again a few days later on August 9, 2012, and spoke with Plaintiff's 9 year old daughter. Plaintiff's daughter stated that her mother was not at home and Defendant stated to Plaintiff's daughter to go get your mom, we know she is there. Plaintiff's daughter asked if she could take a message and Defendant said they were calling about the law and paperwork involving the law and that she needed to call back right away. At no time did Defendant give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt.

18. That Plaintiff called back the same day, August 9, 2012, and Defendant stated that if the Plaintiff did not pay this debt that all her banking privileges would be suspended for 3 to 10 years; that all her deposits would be frozen; and that no directed deposits would be allowed. Defendant further stated that Plaintiff was in the process of being served but if she paid, they would stay the claim and stop the service on her.  At no time did Defendant give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt.

19. Despite Defendant's statements, Defendant had not been authorized by David Bridal to pursue legal action against Plaintiff, and did not intend to do so.  To date, Defendant has not commenced any legal action against Plaintiff.

20. Plaintiff has never received the 30-day debt validation notice that is required under 15 U.S.C. §1692g.

21. As a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

22. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(3), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false and misleading representations as well as by threatening to take any action that cannot legally be taken or that is not intended to be taken by stating they were calling about legal papers they sent to Plaintiff and by mentioning that a hearing was scheduled, that they were going to have her served with papers, that they were  calling about the law and paperwork involving the law and that Plaintiff needed to call back right away, that Plaintiff would loss her banking privileges, that Plaintiff's accounts would be frozen and direct deposits would not be allowed, and by stating if Plaintiff paid, they would stay the claim and stop the service on her.

   B. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e (11) by failing to give the mini-Miranda warning that a debt collector was calling in an attempt to collect during the repeated contacts with Plaintiff.

   C. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff a 30-day validation notice within five days of the initial communication.

   D. Defendant violated 15 U.S.C. §1692b2 by contacting Plaintiff's mother and disclosing the existence of the alleged subject debt.

3

24. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  April 2, 2013

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
        khiller@kennethhiller.com